IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  13-cr-00062-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHESTON JEROME FOSTER,

      Defendant.

_____

ORDER
_____

Pursuant to my ruling on the record in open court on May 28, 2013, I conclude that I am disqualified from presiding over this case pursuant to 28 U.S.C. §455(b)(1) and 28 U.S.C. §455(a).  As a result, I RECUSE myself from presiding over this case and order that this case shall be REASSIGNED.

## I.  Background

In December of 2010, Defendant pled guilty to one count of Possession of Stolen Mail Matter, in violation of 18 U.S.C. §1708,  in Case Number 10-cr-00442-LTB.  Judgment entered, and I sentenced Defendant to a term of imprisonment of seventeen (17) months, and a term of supervised release of three (3) years. [10-cr-00442, Doc # 42]

Thereafter, Defendant was charged with and admitted to violating the terms of his supervised release.  As a result, on October 30, 2012, I sentenced Defendant to a custodial sentence of time-served (approximately five-month term of imprisonment) and 30 (thirty) months of supervised release. [10-cr-00442, Doc #73]  During the hearing, the United States Probation Officer present made an oral request that Defendant also be required to live at a

residential re-entry center (or halfway house) for "up to six months" as a special additional condition of his supervision, based on his unstable residential and employment situation.  [Doc # 12, Attachment F – Sentencing Hearing Transcript]   This new special condition – of up to six months placement in a residential reentry center/halfway house – was not requested in the "Supervised Release Violation Report" filed prior to the hearing. [10-cr-00442, Doc # 86] However, I agreed to impose the requested special condition of supervision and, as such, I required that Defendant "shall reside in a resident reentry center (RRC) for a period of up to 6 months, to commence upon release of imprisonment, and shall observe the rules of that facility" as set forth in the Judgment for Revocation of Supervised Release. [10-cr-00442, Doc # 73]

Defendant subsequently reported to Independence House South to begin his new term of supervised release.  It is alleged that on December 27, 2012, Defendant left Independence House by walking away from the facility after leaving through a bedroom window.  A week later, on January 4, 2013, Defendant was arrested for violating the conditions of his supervised release in Case Number 10-cr-00442. [10-cr-00442, Doc #80]  At that time, it was alleged that Defendant had violated the special conditions of his supervised release four times – by using alcohol, his whereabouts were unknown, he absconded for two days, and then ultimately absconded resulting in his arrest. [10-cr-00442, Doc #74]  These alleged violations of supervised release remain pending before me in Case Number 10-cr-00442-LTB.

Thereafter, on February 14, 2013, the Grand Jury indicted Defendant on one count of Escape, in violation of 18 U.S.C. §751(a), resulting in the case at issue.  Specifically, the Indictment in this new case alleges that:  on or about December 27, 2012, Defendant "intentionally and unlawfully escaped from custody at the Independence House South . . . a

facility in which the defendant was lawfully confined at [my] direction . . . for violation of supervised release by an order dated October 30, 2012, and under and by virtue of a judgment and commitment by a United States District Court following the defendant's conviction for a felony offense in District of Colorado, Case Number 10-cr-00442-LTB." [Doc # 1]

## II. Underlying Motion

On May 2, 2013, Defendant filed a Motion to Dismiss the Indictment [Doc # 12] in which he argues that the Indictment fails to allege an offense for the crime of Escape, pursuant to 18 U.S.C. §751(a), which provides that:

> Whoever escapes or attempts to escape from . . . any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge . . . shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . .

Defendant argues that the Indictment is faulty, and should be dismissed, because he was not in "custody" as contemplated by 18 U.S.C. §751(a).   Specifically, Defendant asserts that the unique circumstances present in this case – in which his court-ordered residence at a half-way house was not punitive, but rather was a temporary solution ordered solely to give him a stable place to live when he was homeless but on supervised release – does not rise to a level of confinement necessary to constitute the element of "custody" for conviction of Escape under §751(a).

In support of this argument, Defendant provides me with the October 30, 2012 transcript from his sentencing on the supervised release violation in 10-cr-00442.  That transcript reveals that the probation officer made an oral request for an additional condition of supervision – of up to six months in a halfway house – based on the following reasoning:

> I am not sure what his residential circumstances are. He is presently in custody. He has spoken – he has talked about a desire to go to a different district. His employment is not secure at this point, so I would recommend the Court impose a six-month halfway house placement so that we could rectify the stability issue. You know, he could be let out of the halfway house early when the stability is in place.

[Doc # 12, Attachment F – Sentencing Hearing Transcript]    In response to this request, I imposed a "special condition that [Defendant] reside in a halfway house residential re-entry center, however you want to word it, for a period up to six months."  After defense counsel asked that Defendant be allowed to reside with his mother instead, and the probation officer objected, I ruled that: "[w]hat we will do is we will start with a residential re-entry center, and if through his assigned probation officer there is an alternative that is reasonable, we will go at it that way, but we will start there." [Doc # 12, Attachment F]  Based on the foregoing, Defendant argues – in his Motion to Dismiss the Indictment – that he was not "sentenced" by me to reside in a halfway house as a punishment, but rather was ordered there by me temporarily due to the lack of stability of his living and working situation at that time.  Therefore, Defendant contends that his placement in the halfway house did not amount to being "in custody" and, as such, the Indictment fails in that it does not contain the elements of the crime of Escape under 18 U.S.C. §751(a).

### III.  Analysis

Upon consideration of the Motion To Dismiss, it became clear that a determination of my intent – when I confined Defendant to reside in the halfway house – would be relevant to the finding of the disputed fact as to whether Defendant was in "custody."  This assessment would either be relevant to the determination of the motion at this point, or to the determination by the jury at trial.   As a result, my intent related to the prior imposition of the special condition that

Defendant reside in a halfway house becomes both evidence and a determination of fact as to whether he is now guilty of Escape.

When a judge has personal knowledge of disputed evidentiary facts concerning the proceeding, as here, the judge is mandatorily required to disqualify himself from proceeding over the case under 28 U.S.C. §455(b)(1)(mandating that a judge "shall . . . disqualify himself in the following circumstances: . . . [w]here he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding"); see also Fed. R. Evid. 605 (indicating that "[t]he presiding judge may not testify as a witness at the trial").

I conclude that consideration of the transcript from the underlying hearing – in which I ordered Defendant to reside in a half-way house as a special condition of his supervised release – serves to inject myself as a witness in this matter, and constitutes material evidence as to a disputed issue of fact related to the determination of whether Defendant was or was not in "custody" as an element of the crime of Escape pursuant to 18 U.S.C. §751(a). As a result, I am mandatorily required to recuse myself from presiding over this matter pursuant to 28 U.S.C. §455(b)(1). *See generally Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1263 (3rd Cir.1977)(ruling that the Section §455(b)(1) "disqualification provision is directed toward knowledge of disputed evidentiary facts, that is, matters underlying the cause of action").

In addition, I note that I am required to recuse myself pursuant to 28 U.S.C. § 455(a), which requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The statute imposes a *sua sponte* duty upon the judge to recuse himself if there is a reasonable factual basis for doubting the judge's impartiality. *United States v. Gipson*, 835 F.2d 1323, 1325 (10th Cir. 1988)(*citing Roberts v. Bailar,* 625 F.2d 125, 129 (6th

Cir. 1980)).  Section 455(a) applies to the varied and unpredictable situations not subject to reasonable legislative definition in which judges must act to protect the very *appearance* of impartiality.  *Id.*

As I have stated several times on the record, I question the propriety of and the motivation behind the Government's decision to charge the Defendant with the separate crime of Escape, when the proper course – in my view – is to address the behavior as one of four alleged violations of his supervised release in Case Number 10-cr-00442-LTB.  As such, I find that my view of this matter reasonably suggests or raises a presumption that I appears to lack impartiality and, as such, I am required to disqualify myself as the judge in this matter.  *See United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992) (noting that the decision to recuse is committed to the sound discretion of the district court); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (ruling that when §455(a) disqualification is a close question, the balance tips in favor of recusal).

ACCORDINGLY, IT IS ORDERED that, for the reasons stated herein and on the record in open court on May 28, 2013, I RECUSE myself from this case pursuant to 28 U.S.C. § 445(b)(1) and §455(a), and Case Number 13-cr-00062-LTB  shall be REASSIGNED pursuant to D.C. Colo. L Civ R 40.1 B and F.

Dated: May 29, 2013 in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock                              
LEWIS T. BABCOCK, JUDGE